UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM COLLINS,

                Plaintiff,

-against-

OFFICER MINELLA #1575, DOCTOR ULLOA,

                Defendants.

16-cv-5550 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge

    Plaintiff Kareem Collins, currently held in Westchester County Jail ("WCJ"), brings this *pro se* action, alleging that he slipped and fell on a basketball court due to Defendant Officer Minella's alleged negligence and deliberate indifference, and that he was denied proper medical care by Doctor Ulloa, who was a physician at WCJ. On January 3, 2017, the Court received a letter from Plaintiff, dated December 27, 2016, requesting that the Court appoint pro bono counsel to represent Defendant.

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308-09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

    The Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
1/9/2017

Copies mailed/faxed 1/9/2017
Chambers of Nelson S. Román, U.S.D.J.

1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Plaintiff has not yet filed an application for appointment of pro bono counsel. Additionally, this case was filed less than a year ago, and Defendants have only recently responded to the pleadings by indicating they plan to file motions to dismiss Plaintiff's claims. At this early stage in the proceedings, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses. Additionally, there is no indication at this time that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings.

Dated: January 9, 2017  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMAN  
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

(List the full name(s) of the defendant(s)/respondent(s).)

____CV_____ (____)(____)

Application for the Court to
Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☐ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

_____
_____
_____
_____
_____

Rev. 3/27/14

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

_____

_____

_____

_____

_____

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: _____.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| Date | Signature |
|---|---|

| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address (if available) |
|---|---|