UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/18
```

KAREEM COLLINS,

                Plaintiff,

-against-

OFFICER MINELLA and DOCTOR ULLOA,

                Defendants.

16-cv-5550

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Kareem Collins ("Plaintiff" or "Collins"), a *pro se* inmate residing in Westchester County Jail ("WCJ"), commenced this action on or about July 12, 2016, asserting claims pursuant to 42 USC § 1983, sounding in deliberate indifference to a hazardous condition and denial of proper medical care, a common law negligence claim against WCJ employees Officer Minella and Dr. Ulloa (collectively "Defendants"), and a medical malpractice claim against Dr. Ulloa (Complaint, ECF No. 2). On October 7, 2016, Plaintiff filed an Amended Complaint alleging similar claims. (Amended Complaint, ECF No. 8). The Amended Complaint is the operative complaint in this action. Before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Def. Ulloa Mem., ECF No. 34; Def. Minella Mem., ECF No. 41). For the following reasons, the Defendants' motions are GRANTED.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint filed on October 7, 2016 and are accepted as true for the purposes of this motion.

Plaintiff alleges that on or about June 25, 2016, he was caused to "slip and fall due to the floor being slippery from rainy weather percipitation" while playing basketball. As a result of his

1

fall, Plaintiff suffered an injury to his right knee causing "slight swelling" and "excruciating pain." At the time of the incident, Minella was purportedly on duty at or near the location. Plaintiff asserts Minella was negligent and exhibited a deliberate indifference in failing to take appropriate action and ignoring a foreseeable risk of harm to Plaintiff and others. Plaintiff additional asserts Minella failed to maintain the premises and allowed the hazardous condition to remain.

Plaintiff asserts that Dr. Ulloa was negligent and deliberately indifferent in failing to provide him with adequate and "proper medical care." Plaintiff alleges he suffered severe pain to his right knee for approximately three months and should have been given better pain medication. Although Plaintiff suggests that an X-ray was taken of his injury, he asserts that an MRI should have been taken soon after the injury to determine if any ligament damage occurred. Because of the failure and delay in providing adequate care, Plaintiff was caused to suffer a permanent injury, unnecessary pain and suffering, and suggest he may have sustained ligament damage. Plaintiff also asserts that due to his injury(s), upon his anticipated release from incarceration, he can longer work as a health aide, a vocation he held prior to his detention.

## DISCUSSION

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). It is not necessary for the complaint to assert "detailed factual allegations," but must allege

2

"more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013). The court should read pro se complaints "'to raise the strongest arguments that they suggest,'" *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (*quoting Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally"). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (*quoting Twombly*, 550 U.S. at 555) (internal quotations omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

## 42 USC § 1983 CLAIMS

Section 1983 provides, in relevant part, that:"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it

3

describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution") (citation omitted).

## HAZARDOUS CONDITION

A claim of deliberate indifference to a hazardous condition in a prison is analyzed in the same manner as a claim of deliberate indifference to a serious medical condition. Recognizing that the Eighth Amendment's prohibition against cruel and unusual punishment "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), the conditions of incarceration must nonetheless be "humane." *Farmer v. Brennan*, 511 U.S. 825, 832(1994). To allege a proper claim, an inmate must state that (1) he suffered "a deprivation that is, objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to [the] inmate['s] health or safety." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001).

While it is not disputed that Minella, a correctional officer, if on duty at the time of the incident, was acting color of state law, Plaintiff's § 1983 claim(s) against Minella nevertheless

fails. Plaintiff's claim, when reduced to its most basic elements, is that he was either denied the opportunity to play basketball on a dry surface at a time when there was inclement weather, denied the opportunity to play basketball on a dry surface soon after there was inclement weather or that he should have been prevented from playing basketball because it was foreseeable that, given the existing precipitation, he would be injured. It is well settled that in order to establish an 8th Amendment claim of deliberate indifference to a hazardous condition, Plaintiff must demonstrate the alleged deprivation was "objectively, sufficiently serious." *Brennan*, 511 U.S. at 834 (quotations and citations omitted). In other words, Minella's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities." *Id.* (citing *Rhodes*, 452 U.S. at 347). Plaintiff's alleged deprivation, the opportunity to participate in a recreational activity under the circumstances presented, does not rise to the level of a denial of the minimal civilized measure of life's necessities. Moreover, other than in conclusory fashion, the factual allegations in the complaint do not allege that Minella acted with the requisite culpable state of mind. Accordingly, Plaintiff's § 1983 claim against Minella is dismissed.

## ADEQUATE MEDICAL CARE

To sustain a claim of deliberate indifference to adequate medical care, a plaintiff must allege that (1) objectively, the deprivation of adequate medical care was sufficiently serious, and (2) subjectively, defendants acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. at 834; *Salahuddin v. Goord*, 467 F.3d 263, 279–81 (2d Cir. 2006). "The objective component requires that 'the alleged deprivation [] be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (*quoting Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). For the subjective prong, the official charged with deliberate indifference must act with a "sufficiently culpable state of mind." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison

official may only be found liable if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837.

"Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—'an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.'" *Hill v. Curcione*, 657 F.3d at 123 (*quoting Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (noting that an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind") (quotations omitted); *Hathaway*, 99 F.3d at 553 (observing that "negligent malpractice do[es] not state a claim of deliberate indifference"); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation"). Finally, "[b]ecause Section 1983 imposes liability only upon those who actually cause a deprivation of rights, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (quotations and citations omitted).

At best, Plaintiff's allegations, taken as true, rise to the level of a misdiagnosis, which is insufficient to be deemed a constitutional violation. Plaintiff alleges that as a result of his fall he suffered slight swelling and excruciating pain for several months. Plaintiff's alleged injury does not rise to the level of a serious injury *See Johnson v. Wright*, 477 F. Supp. 2d 572, 574 (W.D.N.Y. 2007), aff'd, 324 F. App'x 144 (2d Cir. 2009) (holding that an inmate's subjective complaint of pain to his knee following an injury while playing basketball does not amount to a serious injury); *Jones v. Lindblad*, No. 05-CV-814S, 2009 WL 804155 (W.D.N.Y. Mar. 25,

2009) (holding that injuries which included a painful area behind inmate's ear, a small cut and swollen area on top of inmate's head, a cut inside inmates lower lip, a swollen left knee with full range of motion, a slightly swollen right ankle with full range of motion, and a bruise of the shoulder without swelling did not constitute a serious injury).

The complaint suggest that Dr. Ulloa x-rayed his "slightly swollen knee" and prescribed or provided pain medication. Although Plaintiff asserts that an MRI should have been taken to determine if there was any ligament damage, the failure to do so does not rise to the level of a constitutional deprivation of adequate medical care. Plaintiff's allegations are also insufficient to establish that Dr. Ulloa acted with requisite culpable state of mind (deliberate indifference) because the Plaintiff does not provide facts pertinent to Dr. Ulloa's *mens rea*. Accordingly, Plaintiff's claim sounding in a denial of adequate medical care must be dismissed.

## STATE LAW CLAIMS

In construing the complaint liberally, Plaintiff's complaint could be read as asserting claims under state law for negligence and/or medical malpractice. A federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all federal claims over which it had original jurisdiction. Given that the Court has dismissed Plaintiff's federal claims, it declines to exercise supplement jurisdiction over any state law claims.

## CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss pursuant to Rule 12(b)(6) is GRANTED. To the extent Plaintiff has asserted state claims sounding in negligence and/or

medical malpractice, said claims are dismissed without prejudice to re-assert in state court. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 34 and 41, and to terminate the action.

Dated: January 25, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge